**State of Ohio on relation of**
**Winzeler Excavating Company, Inc.**
**v.**
**Industrial Commission of Ohio**
**Cindy S. Wilson**
*[Cite as 3 AOA 277]*

*Case No. 88AP-811*
*Franklin County, (10th)*
*Decided May 8, 1990*

*Millisor & Nobil, Mr. Roger L. Sabo and Mr. John R. Slater, for Relator.*

*Mr. Anthony J. Celebrezze, Jr., Attorney General, and Mr. Michael L. Squillace, for Industrial Commission of Ohio, Respondent.*

*Fell & Fell Co., L.P.A. Mr. George N. Fell II, and Mr. Steven E. Marcus, for Cindy S. Wilson, Respondent.*

KERN, J.

This is a workers' compensation case.

The state of Ohio on relation of Winzeler Excavating Company, Inc., (hereinafter relator) filed and original action in mandamus in this court. Relator seeks an order to the Industrial Commission of Ohio (hereinafter commission) to vacate its order finding the relator in violation of specific safety requirements. That order made an award based on those violations to Cindy S. Wilson, widow of Duane A. Wilson (hereinafter widow). Relator's action was referred to a referee of the Tenth District Court of Appeals pursuant to Civ. R. 53(C) and Section 13, Loc. R. 11 of this court. The referee filed a report containing findings of fact and conclusions of law, to which relator filed objections, requesting an oral hearing. For the reasons set out below, the objections are overruled.

On June 14, 1984, Duane A. Wilson was employed by the relator, an Ohio employer, at a sewer project in Decatur, Indiana. While he was working in an excavation a wall thereof caved in upon him causing severe injuries, which ultimately caused his death. The widow applied for and received worker's compensation death benefits. Later, she applied for an additional award based upon alleged violations of the specific safety requirement contained in Ohio Adm. Code 4121:1-3-13(B), (C), (D), and (E), and Table 13-1 in "appendix to rule." The commission conducted an investigation of the accident and found that Wilson's injuries were result of relator's failure to:

"* * * shore, brace, or slope to an acceptable angle of repose the sides of the excavation as required by 4121:1-3-13(C)(2); 4121:1-3-13(E)(1)(7), the Code of Specific Requirements of the Industrial Commission relating to Construction."

The widow's application for an additional award was granted. Relator asked the commission to rehear the application, but the request was denied as not timely made. Relator then commenced this action on September 7, 1988. Relator contends that the commission abused its discretion by making the additional award for a violation of a specific safety requirement. The parties stipulated that the commissions's claim file would be the evidence to be considered by the referee.

Relator states the following objection to the referee's report:

"A. The Referee erred in holding that Relator had violated Ohio Administrative Code 4121:1-3-13(E)(1) and (7)."

The relator states the issue as:

"A. Whether an Ohio specific safety requirement can be the basis of an award for an injury occurring at an Indiana workplace?

"B. Whether the Industrial Commission abused its discretion in holding that Winzeler was in violation of Ohio specific safety requirements?"

In support of its contentions, relator argues that the commission improperly applied its own safety regulations to a construction project in Indiana, even though the Indiana Occupational Safety and Health Administration (IOSHA) had promulgated IOSHA's workplace safety regulations which applied to relator at the time of Wilson's accident. IOSHA had investigated the occurrence and ultimately dismissed a citation against the relator for violation of IOSHA's workplace safety regulations.

However, in *State, ex rel. Bailey*, v. *Krisen* (1969), 18 Ohio St. 2d 191, 198, the Supreme Court of Ohio held that Ohio's specific safety requirements had extraterritorial effect for violations occurring in workplaces in other states where employees of Ohio employers are working.

Relator, argues that, in essence, this court should not consider *Bailey, supra*, as dispositive of the extraterritorial issue. Relator quotes the Supreme Court in *Bailey*:

"* * * *Section 35 of Article II has relieved employers from having to respond in damages for violations of specific safety requirements. In return, employees have relinquished their right to seek damages for those violations.* Therefore, to construe Section 35 as relieving the employer of his common-law duty to respond in damages for a violation of a safety requirement causing injury to his employee, and simultaneously as preventing the injured employee from receiving an additional award of compensation for that default of his employer, would be manifestly illogical and unjust." *Id.* at 196-196. (Emphasis added.)

Relator argues that because of this emphasized language and *Blankenship* v. *Cincinnati Milacron Chemicals* (1982), 69 Ohio St. 2d 608, employees injured outside the state of Ohio would not be without remedy if Ohio's safety regulations did not apply because injured employees could now file civil actions pursuant to *Blankenship, supra,* and to R.C. 4121.802. That proposition is not dispositive of the question before this court in this case. It is the same question presented to the Supreme Court in *Bailey, supra:* Are Ohio employee's subject to extraterritorial application of Ohio's safety regulations when using their employees to perform work in another state? The *Bailey* court answered this question in the affirmative in the affirmative as it must be answered here. Relator also argues that the Workers' Compensation Act does not have extraterritorial application of its specific safety requirements. That argument was also rejected in *Bailey, supra,* when the court held that neither the act nor the Ohio Constitution prohibit extraterritorial application of specific safety requirements.

Relator also argues that *Bailey, supra,* should only be applicable in situations where the foreign state in which the injury occurred does not have similar laws or regulations for the protection of workers therein. If the Supreme court had intended that to be part of the law of *Bailey, supra,* it did not say so in the syllabus of that case. Rather, in the first paragraph of the *Bailey* syllabus, the Court said:

"In the absence of a showing that an Ohio specific safety requirement of the Industrial Commission involves an Ohio employer, maintaining a place of employment in a foreign state, *in a position of irreconcilable conflict with a specific safety requirement of that foreign state applicable to that place of employment,* the words 'every employment and place of employment' in Section 4121:13, Revised Code, will be given extraterritorial effect as to such employer who is amenable to the Workmen's Compensation Act (Section 4123.01 *et seq.,* Revised Code." (Emphasis added.)

Moreover, Section 35, Article II, of the Ohio Constitution states, in pertinent part:

"* * * [The commission] shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees, enacted by the General Assembly or in the form of an order adopted by [the commission] * * *. When it is found * * * that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to just * * * shall be added by [the commission] * * * to the amount of the compensation that may be awarded on account of such injury, disease, or death, and paid in like manner as other awards * * *."

That language places no limitation on the commission's authority solely because a violation occurs at a workplace outside of Ohio.

The second issue raised by the relator is the alleged abuse of discretion of the commission in finding the relator in violation of specific safety requirements. Relator argues that the referee erred in recommending the commission be sustained in its findings that relator had violated Ohio Adm. Code 4121:1-3-13(E)(1) and (7). The evidence before the referee supports the referee's findings of fact and conclusions of law. The referee recommended that this court issue a writ of mandamus ordering the commission to modify its order of July 13, 1987, only to the extent that the commission based its determination, in part, upon a violation of Ohio Adm. code 4121:1-3-13(C)(2), the commission not having abused its discretion in finding that the relator had violated Ohio Adm. Code 4121:1-3-13(E)(1) and (7). The referee concluded that Ohio Adm. Code 4121:1-3-13(C)(2) was general in nature and not sufficiently specific to place an employer on notice as to what actions were required of an employer when excavations are subjected to vibrations from the operation of nearby machinery. Relator does not disagree with the latter recommendation of the referee.

The referee's findings of fact and conclusions of law are adopted as the order of this court. A writ of mandamus shall issue, but only to the extent that the commission is directed to modify its July 13, 1987 order by deleting its determina-

tion that relator violated Ohio Adm. Code 4121:1-3-13(C)(2). The other relief sought by relator is denied.

*Writ issued.*

REILLY, P.J., and YOUNG, J., concur.

KERN, J., retired of the Montgomery County Common Pleas Court, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.